IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

JUL 2 3 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| | ) | |
| JASON CRIPE, | ) | **4:15CR337 RLW/SPM** |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

### COUNT I (Wire Fraud)

The Grand Jury charges that:

1.      At all relevant times, the Defendant was a resident of the State of Illinois.   At various times, the Defendant did business and traveled to the Eastern District of Missouri.   At various times, the Defendant did business as J-1 Towing and Recovery.

2.      Between on or about February 11, 2015 and February 25, 2015, with the exact dates unknown, the Defendant agreed to sell two pieces of commercial equipment to J.B. ("Victim #1") and D.M. ("Victim #2") in two separate transactions.   In doing so, the Defendant devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises and, for the purpose of executing said scheme and artifice did transmit and cause to be transmitted wire, radio and television signs, sounds, pictures, writings and signals in interstate and foreign commerce.

3.      It was a part of the scheme and artifice that Defendant did not own or possess the lawful right to sell either piece of commercial equipment he represented to Victim #1 or Victim #2 that he had for sale.

4.      It was a further part of the scheme and artifice that Defendant accepted approximately $12,800 in payments from Victim #1 and Victim #2 knowing he had no equipment to sell but promising to deliver the equipment to Victim #1 and Victim #2 on February 13, 2015. Defendant traveled from the State of Illinois to the Eastern District of Missouri to collect the aforementioned payments.

5.      It was a further part of the scheme and artifice that Defendant gave Victim #1 and Victim #2 a nonexistent address of his purported business in Highland, Illinois so that the victims could not easily locate the Defendant.

6.      It was a further part of the scheme and artifice that Defendant, by means of interstate telephone conversations, gave Victim #1 and Victim #2 a series of excuses relating to delays from various financial institutions to explain his non-delivery of the equipment under the terms of the Defendant's agreement with Victim #1 and Victim #2.

7.      It was a further part of the scheme and artifice that, during the relevant time period, Defendant frequently contacted Victim #1 and Victim #2 by means of interstate telephone calls from his residence, places of business and other locations in the State of Illinois to the victims' locations in the State of Missouri.

8.      It was a further part of the scheme and artifice that Defendant posted the commercial equipment at issue for sale on craigslist.com, a website on which, among other things, merchandise is posted for sale, from the State of Illinois.   The headquarters and computer hardware associated with the operation of craigslist.com are located outside of the State of Illinois. Therefore, the posting of this merchandise for sale involved the interstate transmission of electronic signs and signals by the Defendant.   Victim #1 first saw a piece of commercial equipment involved in the instant scheme offered for sale by Defendant on craigslist.com.

9.      It was a further part of the scheme and artifice that Defendant communicated with Victim #1 by means of electronic mail which involved the interstate transmission of electronic signs and signals by the Defendant.

10.     It was a further part of the scheme and artifice that, having taken the money of Victim #1 and Victim #2, the Defendant cut off communication, stopped returning telephone calls and changed his telephone number.

11.     Between on or about February 11, 2015 and February 25, 2015, within the Eastern District of Missouri and elsewhere, the Defendant,

**JASON CRIPE,**

did devise a scheme and artifice to defraud others out of money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same did transmit and cause to be transmitted writings, signs, sounds, pictures and signals by means of wire, radio and television communication in interstate commerce, to wit: interstate telephone communications, interstate electronic mail communications, and interstate internet postings relating to the sale of commercial equipment.

In violation of Title 18, United States Code Section 1343.

### COUNT II (Assault of a Law Enforcement Officer)

12.     The allegations contained in paragraphs 1 through 11 are realleged and incorporated by reference.

13.     On or about February 25, 2015, a criminal complaint was presented to a judge in the Eastern District of Missouri alleging a violation of Wire Fraud in violation of Title 18, United States Code, Section 1343.   Said complaint was signed and an arrest warrant was issued for the Defendant on the fraud allegations contained in paragraphs 1 through 11 of this Indictment.

14.     Said arrest warrant remained active and valid on July 8, 2015, when federal agents with the United States Secret Service located the Defendant in St. Louis County within the Eastern

District of Missouri and attempted to arrest Defendant on said warrant.

15.     On or about July 8, 2015, in the Eastern District of Missouri, the Defendant,

**JASON CRIPE,**

did voluntarily, intentionally and forcibly assault two members of the United States Secret Service

who were, at that time performing official duties, which assault resulted in bodily injury to said

federal law enforcement officers.

In violation of Title 18, United States Code Section 111(b).


A TRUE BILL


_____

FOREPERSON


RICHARD G. CALLAHAN
United States Attorney


_____
THOMAS C. ALBUS, #96250
Assistant United States Attorney